cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD REYNIR SULLIVAN, | ) | Civil No.08cv406 BEN(AJB) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **DENYING PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| JAMES TILTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On January 14, 2008, Petitioner Edward Reynir Sullivan, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Central District of California. On March 3, 2008, the case was transferred to this district. On July 9, 2008, Respondent filed an answer. After a review of the petition, the answer, and all supporting documents, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED.

**Background**

In December 1995, Petitioner was charged with residential burglary in violation of California Penal Code §§ 459, 460, 461, and receiving stolen property in violation of California Penal Code § 496(a). The prosecutor further charged that Petitioner had committed both crimes while on bail after an earlier conviction under California Penal Code § 12022.1, and had a prior serious robbery conviction that was also a strike pursuant to California Penal Code § 667. (Lodgment 1 at 3-4.) Petitioner waived his right to a jury trial. (Id. at 55.) In September 1996, the San Diego Superior Court found him guilty

06cv2531

1  and found the enhancements to be true.  (<u>Id.</u> at 57-58.)  The judge sentenced him to fifteen years.  (<u>Id.</u> at

2  59.)

3     On July 31, 1997, the California Court of Appeal affirmed the judgment.  (Lodgments 4.)

4  Petitioner did not file a petition for review.  On December 29, 1998, Petitioner filed a petition for writ of

5  habeas corpus in the San Diego Superior Court.  (Lodgment 5.)  The San Diego Superior Court denied

6  his petition on January 22, 1999.  (Lodgment 6.)  On July 18, 2006, Petitioner filed another petition for

7  writ of habeas corpus in the San Diego Superior Court which was denied on August 28, 2006.

8  (Lodgment 7, 8.)  On February 23, 2007, Petitioner filed another petition for writ of habeas corpus in the

9  San Diego Superior Court but the court denied relief on April 11, 2007.  (Lodgment 9, 10.)  On April 30,

10  2007, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal.  (Lodgment 11.)  The

11  California Court of Appeal denied the petition on May 10, 2007.  On June 7, 2007, Petitioner filed a

12  petition for writ of habeas corpus in the California Supreme Court which was denied on October 17,

13  2007.  (Lodgment 13, 14.)  On January 14, 2008, Petitioner filed the instant petition in the United States

14  District Court for the Central District of California.  On March 3, 2008, the case was transferred to this

15  district.  Respondent filed an Answer arguing that the petition is untimely.

16  **Discussion**

17  **A.   Statute of Limitations**

18     The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year

19  limitations period for state prisoners to file a federal habeas petition in federal court.  <u>See</u> 28 U.S.C.

20  § 2244(d).  The section states, in pertinent part:

21     (d)(1)  A 1-year period of limitation shall apply to an application for writ of habeas
   corpus by a person in custody pursuant to the judgment of a State court.  The limitation
22     period shall run from the latest of—
   (A)  the date on which the judgment became final by the conclusion of direct review or the
23     expiration of the time for seeking such review;
   (B)  the date on which the impediment to filing an application created by State action in
24     violation of the Constitution or laws of the United States is removed, if the applicant was
   prevented from filing by such State action;
25     (C)  the date on which the constitutional right asserted was initially recognized by the
   Supreme Court, if the right has been newly recognized by the Supreme Court and made
26     retroactively applicable to cases on collateral review; or
   (D)  the date on which the factual predicate of the claim or claims presented could have been
27     discovered through the exercise of due diligence.

28  28 U.S.C. § 2244(d).

2

1        **1.**       **28 U.S.C. § 2244(d)(1)(A)**

2        The AEDPA's one-year statute of limitations begins to run on "the date on which judgment

3 became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

4 ." Id. § 2244(d)(1)(A).  Where no petition for review is filed in the California Supreme Court following

5 direct review in the lower appellate court, the conviction becomes final, within the meaning of section

6 2244(d)(1)(A), on the last day the defendant could seek review of the appellate court opinion in the state

7 supreme court, which is 40 days after the appellate court filed its opinion, unless that day is a holiday.

8 Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002).  The statute of limitations begins to run the next

9 day.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001) (calculating AEDPA's one-year statute of

10 limitations according to Federal Rule of Civil Procedure 6(a)); Fed. R. Civ. P. 6(a) ("[i]n computing any

11 period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which

12 the designated period of time begins to run shall not be included.").

13        Here, the California Court of Appeal affirmed the judgment on July 31, 1997.  The forty day

14 period for the expiration of time to seek review expired on September 9, 1997.  Therefore, the one-year

15 statute of limitations began to run on September 10, 1997 and expired on September 9, 1998.

16        Since his current petition was filed in January 2008, the statute of limitations deadline passed.

17 His petition is untimely unless 1) the AEDPA's statutory tolling provision brings him within the

18 limitations period, or 2) the doctrine of equitable tolling applies to extend the filing deadline.

19        **a.**      **Statutory Tolling**

20        AEDPA's statutory tolling provision provides:

21             The time during which a properly filed application for State post-conviction
             or other collateral review with respect to the pertinent judgment or claim is

22             pending shall not be counted toward any period of limitation under this
             subsection.

23

24 28 U.S.C. § 2244(d)(2).  The AEDPA one-year limitations period is tolled during the period of time a

25 petitioner seeks post-conviction relief in state court.  Tolling begins "from the time the first state habeas

26 petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge" but

27 the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and

28 the time the first state collateral challenge is filed because there is no case 'pending' during that

06cv2531

1   interval." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  "The time that an application for state

2   post-conviction review is 'pending' includes the period between (1) a lower court's adverse determina-

3   tion, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is

4   timely under state law. <u>Carey v. Saffold</u>, 536 U.S. 214 (2002)." <u>Evans v. Chavis</u> 546 U.S. 189, 191

5   (2006).

6           Here, Petitioner filed his first petition for writ of habeas corpus in state court on December 29,

7   1998.  (Lodgment 5.)  However, the statute of limitations expired on September 9, 1998.  Therefore, the

8   statute of limitations ran before he sought collateral relief in state court.  Therefore, statutory tolling

9   does not apply to Petitioner.

10                          **b.     Equitable Tolling**

11          Equitable tolling applies to AEDPA's one-year statute of limitations.  <u>Calderon v. United States</u>

12   <u>Dist. Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>overruled in part on other grounds</u> by

13   <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998).  Equitable tolling will

14   be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond his/her control that

15   make it impossible to file a petition on time.  <u>Id.</u> (citing <u>Alvarez-Machain v. United States</u>, 107 F.3d

16   696, 701 (9th Cir.1997)).  Plaintiff bears the burden of showing that equitable tolling applies and must

17   show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

18   stood in his way." <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 11 (9th Cir. 2006) (citing <u>Pace v. DiGuglielmo</u>,

19   544 U.S. 408, 418 (2005)).

20          Petitioner has not argued and the Court has not ascertained whether there were extraordinary

21   circumstances beyond his control that made it impossible for him to file a petition on time.

22   Accordingly, Petitioner is not entitled to equitable tolling.

23                              **Conclusion**

24          For the reasons set forth above, the Court hereby recommends that the petition for writ of habeas

25   corpus be **DENIED** for failure to timely file within the statute of limitations.  This Report and

26   Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to

27   the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this Report and Recommenda-

28   tion must be filed with the Court and a copy served on all parties on or before **October 22, 2008.** The

document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **November 5, 2008.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.


DATED:  September 23, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court